UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| EMILEE BRADLEY, | Plaintiff, |
| and | |
| SHAWNA BROYLES, | Intervenor Plaintiff, |
| v. | Civil Action No. 3:23-cv-133-DJH-RSE |
| BSL EXPRESS TRUCKING, INC. and FATKHUDDIN KURBONOV, | Defendants. |

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Plaintiff Emilee Bradley sued Defendants BSL Express Trucking, Inc. and Fatkhuddin Kurbonov in Jefferson Circuit Court, alleging various claims arising from an automobile accident involving Bradley and Kurbonov. (Docket No. 1-2) After Defendants removed the case to this Court (D.N. 1), Defendants filed their answer to Bradley's complaint on April 18, 2023. (D.N. 9) Defendants' initial answer asserted no counterclaims against Bradley. (*See generally id.*) On March 11, 2024, the Court granted Intervenor Plaintiff Shawna Broyles's motion to intervene, explaining that Broyles's claims were "based on the same factual allegations made by Plaintiff Emilee Bradley in the complaint." (D.N. 42, PageID.180) Following the Court's Order, Defendants filed an amended answer containing three counterclaims against Bradley.[1] (D.N. 44, PageID.197–99)

---

[1] Specifically, Defendants now assert claims of common-law negligence and indemnification against Bradley. (D.N. 44, PageID.197–99) Defendants' negligence claims are styled as follows: "Count I: Common Law Negligence Of Plaintiff Bradley Causing Injury to Plaintiff Broyles" and "Count II: Common Law Negligence of Plaintiff Bradley Damaging Defendants/Counterclaimants, BLS and Kurbonov." (*Id.*, PageID.197–98)

1

Bradley now moves to dismiss Defendants' counterclaims pursuant to Federal Rule of Civil Procedure 12(b)(6) and 13(a)(1).[2] (D.N. 55) As grounds for the motion, Bradley argues that Defendants' counterclaims are compulsory in nature and that Defendants were required to raise them in their original answer. (D.N. 55-1, PageID.224–26) According to Bradley, "[g]iven the failure of Defendants to appropriately plead their compulsory counterclaims, relief as to the claims cannot be granted as a matter of law." (*Id.*, PageID.225) Specifically, Bradley argues that Defendants' counterclaims arise out of the same automobile accident as Bradley's claims and that Defendants failed to assert the counterclaims in their initial answer. (*Id.*, PageID.224–25) Defendants seemingly concede that their negligence counterclaims are compulsory and thus should have been asserted in their initial answer.[3] (D.N. 60, PageID.312 ("While this Court may conclude that Defendants['] Counterclaims Counts I and II do not survive, without question, Defendants' Count III, asserting common law indemnification, was timely filed, and should not be dismissed herein."); *see also id.*, PageID.314 (requesting that the Court only deny Bradley's motion "with regard to the common law indemnity counterclaim")) But Defendants contend that their indemnification claim should not be dismissed because it "could not have been asserted but for and until the intervention of Plaintiff Broyles."[4] (*Id.*, PageID.314)

Pursuant to Federal Rule of Civil Procedure 13(a)(1),

---

[2] Defendants have also filed a motion for summary judgment (D.N. 66) and a motion to exclude expert testimony. (D.N. 77) The Court will address these motions by subsequent Order.

[3] In light of this apparent concession and Defendants' failure to argue that their negligence counterclaims should not be dismissed (*see generally* D.N. 60), the Court will dismiss Defendants' negligence counterclaims. *See Palmer v. Commonwealth Credit Union, Inc.*, No. 3:24-CV-295-RGJ, 2024 WL 4906504, at *2 (W.D. Ky. Nov. 27, 2024) (explaining that if a party "fails to respond or to otherwise oppose a . . . motion, then the district court may deem the [party] to have waived opposition to the motion" and collecting cases).

[4] Bradley did not specifically address Defendants' indemnification counterclaim in her motion to dismiss (*see generally* D.N. 55-1) and did not file a reply.

2

> [a] pleading must state as a counterclaim any claim that—at the time of its service—the pleader has against an opposing party if the claim . . . arises out of the transaction or occurrence that is the subject matter of the opposing party's claim[] and . . . does not require adding another party over whom the court cannot acquire jurisdiction.

Fed. R. Civ. P. 13(a)(1). Ultimately, "a claim's compulsory status depends on whether (1) the claim arises out of the same transaction or occurrence that is the subject matter of the opposing party's claim; and (2) the claim is one that the party 'has' at the time that the party is to file his responsive pleading." *Bauman v. Bank of Am., N.A.*, 808 F.3d 1097, 1101 (6th Cir. 2015) (quoting *Kane v. Magna Mixer Co.*, 71 F.3d 555, 562 (6th Cir. 1995)). Courts regularly dismiss improperly raised compulsory counterclaims pursuant to Federal Rule of Civil Procedure 12(b)(6). *See, e.g.*, *Gestamp Chattanooga, LLC v. Lincoln Elec. Automation, Inc.*, No. 1:21-CV-286, 2023 WL 4707356, at *2 (E.D. Tenn. July 24, 2023) (collecting cases). Importantly, however, Rule 13 "does not—and could not—require a pleader to state a counterclaim that the pleader does not yet possess." *Marais v. JPMorgan Chase Bank, N.A.*, 676 F. App'x 509, 512 (6th Cir. 2017). Thus, the Court may permit a party "to file a supplemental pleading asserting a counterclaim that matured or was acquired by the party after serving an earlier pleading." Fed. R. Civ. P. 13(e).

Defendants do not dispute that their counterclaims arise from the same automobile accident as Bradley's claims. (D.N. 60, PageID.313) Instead, Defendants argue that their indemnification claim was not compulsory at the time of their original answer because it could not have been brought until after Broyles intervened. (*Id.*, PageID.313–14) The Court agrees and concludes that Defendants' indemnification claim was properly raised in Defendants' amended answer. Under Kentucky law, a common-law indemnification claim requires "liability as a prerequisite."[5]

---

[5] Kentucky is the forum state, and the Court must apply the choice-of-law rules of the forum state in diversity cases. *Eakes v. Caudill*, No. 23-5255, 2023 WL 6236747, at *2 (6th Cir. Sept. 13, 2023); *see generally Klaxon Co. v. Stentor Electric Manufacturing Co.*, 313 U.S. 487 (1941). For

3

*Thompson v. The Budd Co.*, 199 F.3d 799, 806 (6th Cir. 1999) (citations omitted). In other words, a party generally "cannot recover under a common law indemnity claim if it has not been held liable to a third party." *Id.* At the time of Defendants' initial answer, Broyles was not a party in the case, and there was no prospect that Defendants would be held liable for Broyles's injuries. (*See generally* D.N. 1-2 (asserting no claims based on Broyles's injuries)) Defendants thus did not "ha[ve]" a common-law indemnification claim for Broyles's injuries "at the time that [Defendants] [were] to file [their] responsive pleading," and the indemnification counterclaim was not compulsory at that time. *See Bauman*, 808 F.3d at 1101. Accordingly, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** that Bradley's motion to dismiss Defendants' counterclaims (D.N. 55) is **GRANTED** in part and **DENIED** in part. The motion is **GRANTED** as to Defendants' negligence counterclaims. The negligence counterclaims (Counts I and II) are **DISMISSED**. The motion is **DENIED** as to Defendants' indemnification counterclaim (Count III).

March 7, 2025

David J. Hale, Judge
United States District Court

---

tort claims, "any significant contact with Kentucky calls for the application of Kentucky law." *Dukes v. Mid-E. Athletic Conf.*, No. 3:16-CV-00303-RGJ-RSE, 2018 WL 6112415, at *3 (W.D. Ky. Nov. 21, 2018). Here, the automobile accident occurred in Kentucky, and both Bradley and Broyles are citizens of Kentucky. (D.N. 1-2, PageID.8; D.N. 43, PageID.181) These contacts are sufficient to warrant the application of Kentucky law. *See, e.g., Elsamady v. Old Republic Ins. Co.*, No. 3:23-CV-00085-GFVT, 2024 WL 3969361, at *3 (E.D. Ky. Aug. 28, 2024); *Bearden v. Beeler*, No. CIVA 3:05-CV-86-DW, 2006 WL 1980149, at *3 (W.D. Ky. July 11, 2006) (collecting cases).